## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 06 2017, 10:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Artavius G. Richards,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | December 6, 2017<br><br>Court of Appeals Case No.<br>02A04-1703-CR-646<br><br>Appeal from the Allen Superior Court<br><br>The Honorable John F. Surbeck, Judge<br><br>Trial Court Cause No.<br>02D05-1609-MR-9 |

**Baker, Judge.**

[1] Artavius Richards appeals his convictions for three counts of Felony Murder,[1] one of which was enhanced by the use of a firearm.[2] He argues that the trial court erred in admitting statements under the co-conspirator exception to the hearsay rule. Finding that the statements were properly admitted, we affirm the judgment of the trial court.

## Facts

[2] On February 24, 2016, Jasmine Griffin received a phone call from George Stiner. He asked her to pick him up from his apartment. When she arrived, Stiner, Richards and Darrell McDaniel got into her car. They discussed buying marijuana and Griffin drove them to the east side of Fort Wayne. When they saw two people walking through the neighborhood, Richards and McDaniel began talking about "lashing," or robbing, them. Tr. Vol. 1 p. 203. Griffin parked her car near an alley, and all three men exited the vehicle. Richards, Stiner and McDaniel entered a home down the street, and they returned approximately five minutes later.

[3] After they returned to the car, Stiner said, "Artie f**king shot 'em." Tr. Vol. 1 p. 208. Richards responded, "It's the lash team, n**ga. N**ga, I sprayed them n***as. It's the lash team. I sprayed them n***as." *Id*. Stiner asked, "Why did you shoot?" and Richards answered, "After my brother shot, I couldn't leave any witnesses." *Id*. Griffin drove away and Stiner said they needed to dispose of the guns. Stiner also said, "You all are f**king stupid. You shot them n***as for no f**king reason." *Id*. at 209. Richards replied, "I had to. My brother shot." *Id*.

---

[1] Ind. Code § 35-42-1-1(1).

[2] Ind. Code § 35-50-2-11(b)(1).

[4] Later that day, Aboubakar Souleimane stopped by the house that Richards, Stiner, and McDaniel had entered. Souleimane found three dead bodies inside and immediately called 911. Police determined that each of the victims had suffered multiple gunshot wounds.

[5] On September 9, 2016, the State charged Richards with three counts of felony murder and one count of use of a firearm in the commission of a felony. A jury trial took place from January 30, 2017, through February 2, 2017; the jury found Richards guilty as charged. On March 6, 2017, the trial court sentenced him to consecutive terms of 60 years for each murder and 10 years for the firearm enhancement, for an aggregate sentence of 190 years imprisonment. Richards now appeals.

## Discussion and Decision

[6] Richards contends that the statements made by Stiner and McDaniel are hearsay and were admitted in error under the co-conspirator exception. Specifically, Richards argues that the statements were not made in furtherance of the alleged conspiracy.

[7] In addressing this contention, we note that the admission and exclusion of evidence falls within the trial court's sound discretion, and we will reverse only if the decision is clearly against the logic and effect of the facts and circumstances before it. *Johnson v. State*, 6 N.E.3d 491, 498 (Ind. Ct. App. 2014).

[8] Indiana Rule of Evidence 801(d)(2)(E) provides that a statement that would otherwise qualify as hearsay is not hearsay if the statement is offered against an opposing party,[3]

---

[3] It is not disputed that the statements were offered against an opposing party.

the declarant was a co-conspirator of the defendant, and the statement was made during the course and in furtherance of the conspiracy. Therefore, before a co-conspirator's statements can be admitted, the State must prove by a preponderance of the evidence that (1) a conspiracy existed between the declarant and the party against whom the statement is offered, and (2) the statement was made during the course and in furtherance of the conspiracy. *Barber v. State*, 715 N.E.2d 852 (Ind. 1999).

[9] Indiana Code section 35-41-5-2(a) provides that a person conspires to commit a felony when, with intent to commit a felony, he agrees with another person to commit a felony. There must also be proof that one of the agreeing persons performed an overt act in furtherance of the agreement. I.C. § 35-41-5-2(b). Additionally, "we also require that the State prove that there is 'independent evidence' of the conspiracy" apart from the statements made by the declarant. *Lander v. State*, 762 N.E.2d 1208, 1213 (Ind. 2002) (quoting *Lott v. State*, 690 N.E.2d 204, 209 (Ind. 1997)).

[10] Here, the statements made by both Stiner and McDaniel were being offered against Richards. We must determine whether (1) a conspiracy existed between Richards, Stiner, and McDaniel, and (2) the statements made by Stiner and McDaniel were made during the course and in furtherance of the conspiracy.

[11] Griffin testified that she received a phone call from McDaniel requesting that she pick him up from his apartment. McDaniel, Stiner and Richards then got into her car with the intention to buy marijuana. They gave her directions and told her to circle the neighborhood, until they ultimately stopped on Lewis Street. Richards then said to McDaniel, "We're about to lash these n***as," and all three men exited the car. Tr. Vol. 1 p. 203. This testimony shows an intent to commit a felony, an agreement with another person to commit a felony, and an overt act in furtherance of the agreement.

In other words, this independent evidence establishes a conspiracy between Richards, Stiner, and McDaniel.

[12] We must also consider whether the statements were made during and in furtherance of the conspiracy. "Generally, only those acts and declarations which transpired or were made between the beginning and the ending of the conspiracy and in furtherance of its objectives may be shown against the asserted coconspirator who did not make the declaration." *Chinn v. State*, 511 N.E.2d 1000, 1002 (Ind. 1987). We have little difficulty concluding that the statements made in the car before the murders occurred were made during and in furtherance of the conspiracy. As to the statements made immediately after the murders, we note that they were made during the getaway, meaning that they were made in furtherance of the conspiracy. Additionally, Stiner, Richards, and McDaniel were discussing the need to dispose of their weapons, further implying that the conspiracy was not over and was still ongoing.

[13] Griffin's testimony independently shows that there was a conspiracy between the declarants and Richards and that the statements were made in furtherance of the conspiracy. Under these circumstances, we find that the trial court did not err in admitting the statements under the co-conspirator exception to the hearsay rule.

[14] The judgment of the trial court is affirmed.

Bailey, J., and Altice, J., concur.